**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:  Case No. 9-16-bk-08283-FMD
Chapter 13

Maurice McLaughlin

       Debtor.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on September 26, 2016.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:
        income tax return for:  <u>2016.</u>

    b. The Debtor needs to amend Schedule I to show his new employment situation, once employed.

    c. The Debtor must file an Amended Schedule J to show the correct amount for the following expenses:  <u>mortgage modification paid through Debtor's Plan; anticipated car payment(s) which are zero (0).</u>

    d. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business; together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2016.</u>  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

    4.    According to Schedules I and J, it does not appear that the Debtor has sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6).  An amended budget must be filed.

5. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:
      income tax returns: <u>2016.</u>

6. To meet the requirements of 11 U.S.C. §1325(a)(4) and/or 11 U.S.C. §1325(b)(1)(B) the Debtor must dedicate potential claims to the Plan.

7. An Amended Plan must be filed because:

    a. The Debtor has failed to use the Model Plan as required by the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases.

    b. The Plan is unclear as to the length.

    c. The Plan fails to provide for the treatment of: <u>Collier County Tax Collector.</u>

8. An Amended 2016(b), and/or Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees.

/s/ Michael E. Cecil<br>
Michael E. Cecil, Esquire<br>
Florida Bar No. 722855<br>
Staff Attorney for Chapter 13 Trustee<br>
P.O. Box 25001<br>
Bradenton, Florida 34206-5001<br>
Phone: (941) 747-4644<br>
FAX: (941) 750-9266

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically and/or by First Class U.S. Mail to **Maurice McLaughlin**, Debtor, P.O. Box 1231, Naples, FL 34106, and **Alan F. Hamisch, Esquire,** Hamisch Law Firm, P.L.L.C., 501 Goodlette Frank Road, A-210, Naples, FL 34110, Attorney for Debtor, and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and **Gregory A. Champeau, Esquire,** Champeau Law, P.A., 999 Vanderbilt Beach Road, Suite 232, Naples, FL 34108, **Eagle Creek Golf and Country Club,** 11 Cypress View Drive, Naples, FL 34113, **Eagle Creek Community Association,** c/o American Property Management, 8825 Tamiami Trail East, Naples, FL 34113, and **Eagle Creek Estates,** No. 1, 8825 Tamiami Trail East, Naples, FL 34113, on this 29th day of November, 2016.

/s/ Michael E. Cecil<br>
Michael E. Cecil, Esquire

JMW/MEC/phl