UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                                                    CASE NO.  9:16-bk-08283-FMD

MAURICE MCLAUGHLIN,                                      Chapter 13

       Debtor.
_____/

**VERIFIED MOTION OF EAGLE CREEK COMMUNITY ASSOCIATION, INC.
FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, Gregory A. Champeau of Champeau Law, P.A. 999 Vanderbilt Beach Rd., Suite 232, Naples, Florida, 34108, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Creditor, Eagle Creek Community Association, Inc. ("Creditor"), through the undersigned attorney and pursuant to Rule 9013, Federal Rules of Bankruptcy Procedure and Sections 362(d)(1) and (2), Bankruptcy Code, 11 U.S.C. §§362(d)(1) & (2), moves for the entry of an Order lifting the automatic stay in this case, and as grounds therefor states:

    1.    On September 26, 2016, the Debtor filed for protection under Chapter 13 of the Bankruptcy Code.

    2.    The Debtor scheduled, and exempted as homestead, his interest in certain real property located 56 Grey Wing Pointe, Naples, Florida 34113 ("Homestead").

3.  Eagle Creek Community Association, Inc. is a secured creditor of the Debtor by virtue of the recorded Declaration of Eagle Creek Community Association, Inc. mandating that property owners are required to pay homeowners association dues and assessments.

4.  The Debtor's Chapter 13 Plan fails to provide for any treatment for the post-petition dues and fees owed to Creditor. To date, the Debtor is delinquent $562.93 in post-petition dues and fees, exclusive of interest and costs and attorney's fees. (Exhibit "A" attached and incorporated hereto).

5.  Additionally, the Debtor's Chapter 13 Plan seeks the avoidance of the pre-petition lien of the Creditor, as secured by the entry of a Final Judgment, Instrument Number 5299790 as recorded on August 10, 2016 in OR Book 5301 Page 3104 of the Public Records of Collier County, Florida.

6.  In contravention to the subject Chapter 13 Plan, the Debtor expressly testified at the 341 Meeting of Creditors, which was held and concluded on November 10, 2016, that the value of the Homestead as of the date of the filing of his case was $200,000.00. He further expressly testified that the outstanding first mortgage obligation to Shelter Growth Opportunities, or its successors or assigns, totals $135,150.00, conceding that the amount listed on Schedule D was inaccurate. Accordingly, the Debtor's remains ineligible for lien avoidance pursuant to 11 U.S.C. §506, as the lien remains partially secured against the Homestead.

7.  Moreover, pursuant to the Debtor's budgetary Schedules, the Debtor lacks the ability to adequately fund this Chapter 13 Plan, and cannot reasonably expect to achieve Confirmation of this Plan pursuant to 11 U.S.C. §1325.

WHEREFORE, Eagle Creek Community Association Club, Inc., respectfully requests that this court enter an Order lifting the automatic stay for cause, and for such other and further relief as this Court deems meet and just.

## **VERIFICATION**

      I HEREBY CERTIFY that I have read the Motion for Relief from Stay and declare under penalty of perjury that the information contained herein is true and correct to the best of my knowledge and belief.

Eagle Creek Community Association, Inc.

*/s/ Jerry Hartley*
_____

By:  Jerry Hartley

As its:  Treasurer
_____

Dated: December 2, 2016
_____

 

*/s/ Gregory A. Champeau*
Gregory A. Champeau
Florida Bar 602531
Champeau Law, P.A.
999 Vanderbilt Beach Road, Suite 232
Naples, FL 34108
Telephone:  239-325-1823
Facsimile:   239-325-5100
greg@champeaulaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail this 6th day of December, 2016, to:

United States Trustee
John M. Waage, Chapter 13 Trustee
Attorneys of Record

**Via U.S. Mail to:**
Maurice McLaughlin
56 Grey Wing Pointe
Naples, FL 34113

                                                  */s/ Gregory A. Champeau*
                                                  Gregory A. Champeau